## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | * | |
| | * | |
| | * | |
| v. | * | |
| | * | Crim. No. **PJM 09-347** |
| | * | |
| **DANILO ALDUBLIN-ROBLETO** , | * | |
| | * | |
| Defendant | * | |

## <u>MEMORANDUM OPINION</u>

Defendant Danilo Aldublin-Robleto, *pro se*, has filed the following motions pending before the Court: a Request for Production of Documents (ECF No. 48); a Motion and Petition for Review (ECF No. 49); a Motion for a More Definite Statement (ECF No. 50); a Motion to Reduce Sentence (ECF No. 58); a Motion to Quash Warrant (ECF No. 61); Correspondence entitled "Petition for Review," which the Court treats as a Motion for Petition of Review (ECF No. 64); a Motion and Petition under 18 U.S.C. § 3742 (ECF No. 70); a Petition to Review Case under Rule 32(b) (ECF No. 71); and a Request for Return of Money, which the Court treats as a Motion for Return of Money (ECF No. 72). For the reasons that follow, these Motions are **DENIED**.

*** 

The procedural history and factual background of this case may be found in the Court's Memorandum Opinion in the related case, *Aldublin-Robleto v. United States of America*, Civil No. PJM 14-3377. In brief, the pertinent background is as follows.

Aldublin-Robleto pled guilty to one count of unlawful reentry of a deported alien after conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a). ECF No. 19. On March 18, 2010, the Court sentenced him to 57 months imprisonment and three years of supervised

1

release. ECF No. 29. The Court also ordered that Aldublin-Robleto be surrendered to a duly authorized officer of the United States for removal proceedings in accordance with established statutory procedures. *Id.* The Fourth Circuit eventually affirmed the Court's Judgment. ECF No. 38.

On November 7, 2012, while still in custody, Aldublin-Robleto filed a civil lawsuit against the Federal Correctional Complex at Butner (FCC Butner) and the Federal Medical Center at Butner (FMC Butner) in the Eastern District of North Carolina. *Danilo Aldublin-Robleto v. FMC Butner*, No. 5:12-cr-3226-D (E.D.N.C. Nov. 11, 2012). His claims related to an injury allegedly suffered while at FMC Butner. *See id.*

After serving his period of incarceration, Aldublin-Robleto was removed from the United States to Nicaragua on May 30, 2013. ECF No. 39. However, on March 10, 2014, Aldublin-Robleto reentered the United States. *Id.* He was subsequently charged in the United States District Court for the Southern District of California with illegal reentry of an alien after an aggravated felony conviction. *United States v. Danilo Aldublin-Robleto*, No. 3:140cr0922-JAH-1 (S.D. Cal. March 11, 2014). Aldublin-Robleto pled guilty to the charge, and he was sentenced to 30 months incarceration. *See id.*

On April 28, 2014, United States Probation filed a Petition on Violation of Supervised Release in this Court, alleging that Aldublin-Robleto violated the Court's removal order when he reentered the United States.[1] ECF No. 39. On the same day, the Court issued a Warrant for Aldublin-Robleto's arrest. ECF No. 40.

Aldublin-Robleto has since filed several *pro se* motions in this Court, all of which are meritless.

---

[1] The Court has delayed a hearing on this Petition until Aldublin-Robleto completes his term of incarceration for his Southern District of California conviction.

One set of Aldublin-Robleto's pending Motions relate to his Eastern District of North Carolina civil case and are therefore not properly before this Court. In his Request for Production of Documents (ECF No. 48), Aldublin-Robleto requests medical examinations and x-rays from the Federal Medical Center at Butner North Carolina relating to treatment he received for injuries purportedly suffered while in prison. In his Motion and Petition for Review (ECF No. 49), Aldublin-Robleto seeks to appeal his civil action. In his Motion for More Definite Statement (ECF No. 50), he claims that he did not have the funds available to pay the civil court fees and moves to reopen his civil case. The Court has no jurisdiction over claims and issues related to Aldublin-Robleto's Eastern District of North Carolina case. These Motions are therefore **DENIED**.

Another set of Aldublin-Robleto's pending motions relate to his Southern District of California conviction: Aldublin-Robleto's Motion to Reduce Sentence (ECF No. 58), his Correspondence requesting a Petition for Review (ECF No. 64), his Motion and Petition under 18 U.S.C. § 3742 (ECF No. 70), and his Petition to Review Case under Rule 32(b) (ECF No. 71). The gravamen of Aldublin-Robleto's claims in these Motions is a request that any imprisonment for his supervised release violation run concurrently with his 30-month Southern District of California sentence. To the extent these Motions challenge the term of imprisonment imposed in the Southern District of California, the Court has no jurisdiction over the claims. To the extent the Motions challenge a term of imprisonment not yet imposed by this Court,[2] these motions are not ripe. The Motion to Reduce Sentence (ECF No. 58), Correspondence requesting a Petition for Review (ECF No. 64), Motion and Petition under 18 U.S.C. § 3742 (ECF No. 70), and Petition to Review Case under Rule 32(b) (ECF No. 71) are therefore **DENIED**.

---

[2] See text accompanying note 1, *supra.*

Aldublin-Robleto's Request for Return of Money (ECF No. 72) also appears to relate to Aldublin-Robleto's Southern District of California case. In the text of the Motion, Aldublin-Robleto notifies the Court that he has recently completed his term of imprisonment for that conviction, and he appears to ask for money in the amount of $700 to be returned to him. Aldublin-Robleto fails to make a cognizable argument as to why this Motion is properly before this Court, nor does he explain why he is entitled to the $700 he seeks. The Motion is **DENIED**.

Finally, Aldublin-Robleto's Motion to Quash Warrant (ECF No. 61) appears to be the only Motion filed by Aldublin-Robleto which directly relates to an Order of this Court. Aldublin-Robleto asks that the Court's quash the bench warrant it issued in April 2014. "Normally, a motion to quash an arrest warrant arises on allegation that the warrant was issued improperly." *United States v. Anzaldi*, No. 11 CR 820, 2013 WL 393326, at *5 (N.D. Ill. Jan. 31, 2013). The Court issued the challenged bench warrant upon notification that Aldublin-Robleto had been arrested for reentering the country illegally. The Court sees no basis for concluding that the April 2014 bench warrant was issued improperly. The Motion to Quash Warrant is accordingly **DENIED**.

For the foregoing reasons, Aldublin-Robleto's pending Motions (ECF Nos. 48, 49, 50, 58, 61, 64, 70, 71, and 72) are **DENIED**.

A separate Order will **ISSUE**.


_____/s/_____

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

July 26, 2016