IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DANILO ALDUBLIN-ROBLETO**, *pro se*, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil No. **PJM 14-3377** |
| | * | Crim. No. **PJM 09-347** |
| | * | |
| **UNITED STATES OF AMERICA** , | * | |
| | * | |
| Respondent | * | |

## MEMORANDUM OPINION

Danilo Aldublin-Robleto, *pro se*, has filed a "Motion/Petition of Review of Order of Agency Board of Commission Office," construed by the Court as a Motion to Vacate Sentence under 28 U.S.C. § 2255, and a "Supplement to Motion to Vacate, Set Aside, or Correct Sentence," seeking to set aside his convictions. ECF Nos. 43, 45 and 51. For the reasons that follow, the Court these Motions are **DISMISSED WITH PREJUDICE**.

**I.**

On January 6, 2010, Aldublin-Robleto pled guilty to one count of unlawful reentry of a deported alien after conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a). ECF No. 19. On March 18, 2010, the Court sentenced him to 57 months imprisonment and three years of supervised release. ECF No. 29. The Court also ordered that Aldublin-Robleto be surrendered to a duly authorized officer of the United States for removal proceedings in accordance with established statutory procedures. *Id.*

On March 22, 2010, Aldublin-Robleto appealed the Judgment. ECF No. 31. On January 5, 2011, the Fourth Circuit affirmed the Court's Judgment. ECF No. 37. Its mandate took effect on January 27, 2011. ECF No. 38.

On November 7, 2012, while still in custody, Aldublin-Robleto filed a civil lawsuit against the Federal Correctional Complex at Butner (FCC Butner) and the Federal Medical Center at Butner (FMC Butner) in the Eastern District of North Carolina. *Danilo Aldublin-Robleto v. FMC Butner*, No. 5:12-cr-3226-D (E.D.N.C. Nov. 11, 2012). On February 4, 2013, United States District Judge James C. Dever III dismissed the lawsuit without prejudice.[1] *See id.*

After serving his period of incarceration, Aldublin-Robleto was removed from the United States to Nicaragua on May 30, 2013. ECF No. 39. However, on March 10, 2014, Aldublin-Robleto reentered the United States. *Id.* He was subsequently charged in the United States District Court for the Southern District of California with illegal reentry of an alien after an aggravated felony conviction. *United States v. Danilo Aldublin-Robleto*, No. 3:140cr0922-JAH-1 (S.D. Cal. March 11, 2014). Aldublin-Robleto pled guilty to illegal reentry of a deported aggravated felon in that court. United States District Judge John A. Houston sentenced Aldublin-Robleto to 30 months incarceration. *See id.*

On April 28, 2014, United States Probation filed a Petition on Violation of Supervised Release in this Court, alleging that Aldublin-Robleto violated the Court's removal order when he reentered the United States on March 30, 2013.[2] ECF No. 39.

On October 24, 2014, while in custody for his Southern District of California conviction, Aldublin-Robleto filed the instant "Motion/Petition of Review of Order of Agency Board of Commission Office," appearing to challenge his custody and previous convictions. ECF No. 43. The Court construed the Petition as a Motion to Vacate under 28 U.S.C. § 2255, but was unable to discern the nature of Aldublin-Robleto's claims. ECF No. 44. Accordingly, on October 31,

---

[1] Judge Dever later denied several Motions to Reopen filed by Aldublin-Robleto. *Danilo Aldublin-Robleto v. FMC Butner*, No. 5:12-cr-3226-D (E.D.N.C. Nov. 11, 2012).
[2] The Court has delayed a hearing on this Petition until Aldublin-Robleto completes his term of incarceration for his Southern District of California conviction.

2014, the Court issued an order advising Aldublin-Robleto to complete and file a § 2255 packet. *Id.* On November 14, 2014, Aldublin-Robleto filed his "Supplement to Motion to Vacate, Set Aside, or Correct Sentence," ECF No. 45, which he refiled on April 6, 2015, ECF No. 51.

**II.**

In the three § 2255 pleadings before the Court, Aldublin-Robleto raises a series of contentions and requests.[3] He informs the Court of his Southern District of California conviction, and he asks the Court if it can run any supervised release ordered in this Court concurrent to the 30 month sentence he is already serving. He also seems to claim that he needs specific information about his District of Maryland conviction to provide to the Southern District of California Court. Finally, Aldublin-Robleto appears to ask the Court for an update on the status of the civil case he had filed in the Eastern District of North Carolina regarding an injury he received while in custody. Aldublin-Robleto says that he could not obtain a lawyer, that he was deported, and that he has no knowledge of the status of his civil case. He also seems to request information on how to appeal the case if it was dismissed.

To state a claim for relief under 28 U.S.C. § 2255, a petitioner must demonstrate one of the following: (1) that his or her sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such a sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. "[U]nless a [§ 2255] claim alleges lack of jurisdiction or constitutional error," the petitioner must show that the defect alleged was "fundamental" and resulted in a "complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

---

[3] Aldublin-Robleto's pleadings, although drafted in English, are difficult to discern due to what appears to be a significant language barrier. The Court summarizes what it can glean of Aldublin-Robleto's basic claims.

Aldublin-Robleto's pleadings do not implicate any of the above grounds for relief, nor do they plausibly allege a "fundamental" error with respect to his District of Maryland conviction and sentence which has resulted in a "miscarriage of justice." Instead, Aldublin-Robleto's arguments mostly relate to his Southern District of California conviction and his Eastern District of North Carolina civil case. Moreover, in the form the Court provided to Robleto for his Supplement to his Motion to Vacate, Aldublin-Robleto essentially disregards the framework of the form and uses it as a vehicle to ask for information regarding his civil Eastern District of North Carolina case. Aldublin-Robleto's filings have little, if any, reference to his case in this Court, and they certainly do not raise a cognizable claim for collaterally attacking his 2010 District of Maryland conviction and sentence.[4]

The Court therefore dismisses with prejudice Aldublin-Robleto's "Motion/Petition of Review of Order of Agency Board of Commission Office," ECF No. 43, construed by the Court as a Motion to Vacate Sentence under 28 U.S.C. § 2255, and his "Supplement to Motion to Vacate, Set Aside, or Correct Sentence," ECF Nos. 45 and 51. The Court also declines to issue a certificate of appealability.

---

[4] Even if Aldublin-Robleto has some cognizable claim with respect to this conviction, it is likely time-barred. In general, a petitioner must file a § 2255 petition within one-year of when their conviction becomes final. 28 U.S.C. § 2255(f). Aldublin-Robleto's conviction became final on April 27, 2011, when his opportunity to file a petition for writ of certiorari expired within 90 days after entry of judgment in the appellate court. *See* U.S. Sup. Ct. R. 13(1). The limitations period would therefore have expired on April 27, 2012, unless equitable tolling warranted extending this period.

A separate Order will **ISSUE**.

                                                                       /s/

                                           **PETER J. MESSITTE**
                                 **UNITED STATES DISTRICT JUDGE**

**July 26, 2016**